**UNITED STATES BANKRUPTCY COURT**
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **JAMES RONALD RITCHIE** ) | Case No.: 18-30764-KLP |
| **THERESA ANN RITCHIE** ) | Chapter 13 |
| Debtors ) | |
| | |
| **RONALD JAMES RITCHIE,** et al., ) | |
| ) | |
| Plaintiffs, ) | |
| **v.** ) | AP No.: 20-03124-KLP |
| ) | |
| **OLGA RITCHIE,** et al., ) | |
| Defendants. ) | |

## (SUPPLEMENTAL) ANSWER TO COMPLAINT

COMES NOW Olga Ritchie ("Mrs. Ritchie"), by counsel, and in response to the Complaint filed herein by Ronald James Ritchie and Theresa Ann Ritchie ("the Debtors") states as follows:

1. The allegations contained in paragraph 1 of the Debtors' Complaint are legal conclusions to which no response is necessary. To the extent that the Court determines the allegations contained in paragraph 1 are factual allegations, the same are denied and strict proof is demanded thereof.

2. The allegations contained in paragraph 2 of the Debtors' Complaint are legal

---

Paul McCourt Curley, Esquire
SIX EAST LAW GROUP –
CURLEY LAW FIRM, PLLC
6 East Broad Street
Richmond, Virginia 23219
804-355-8273
paul.curley@sixeastlaw.com
 *Counsel for Olga Ritchie*

conclusions to which no response is necessary. To the extent that the Court determines the allegations contained in paragraph 2 are factual allegations, the same are denied and strict proof is demanded thereof.

3. The allegations contained in paragraph 3 of the Debtors' Complaint are legal conclusions to which no response is necessary. To the extent that the Court determines the allegations contained in paragraph 3 are factual allegations, the same are denied and strict proof is demanded thereof.

4. Mrs. Ritchie admits that the Debtors filed for relief under Chapter 13 of the U.S. Bankruptcy Code. All remaining allegations contained in paragraph 4 of the Complaint are denied and strict proof is demanded thereof.

5. Mrs. Ritchie admits the allegations contained in paragraph 5 of the Complaint.

6. Mrs. Ritchie admits the allegations contained in paragraph 6 of the Complaint. Mrs. Ritchie avers that "estranged" "for many years" means that the debtor, James Ronald Ritchie, deserted and abandoned James Ronald Ritchie, Jr. ("Jamie") in 1975, when Jamie was only three and one-half years old, leaving Jamie in destitute and necessitous circumstances. For the next forty-five years, James Ronald Ritchie did not see or communicate with Jamie and failed to provide any support or maintenance for Jamie at any time in which he was required to do so in violation of Virginia Code Section 20-61. The desertion and abandonment of Jamie by James Ronald Ritchie continued until Jamie's death on May 18, 2020.

7. Mrs. Ritchie admits that her son, Jamie, died intestate on May 18, 2020. All remaining allegations contained in paragraph 7 of the Complaint are denied and strict proof is demanded thereof.

8. Mrs. Ritchie admits the allegations contained in paragraph 8 of the Complaint.

9. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof.

10. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof.

11. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof.

12. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof. However, Mrs. Ritchie does not doubt that James Ronald Ritchie sought to avoid being responsible for Jamie, as he had done for the past forty-five years.

13. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof.

14. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof.

15. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof.

16. Mrs. Ritchie admits that James Ronald Ritchie signed a Quitclaim Deed. All

remaining allegations contained in paragraph 16 are denied and strict proof is demanded thereof.

17. Mrs. Ritchie admits that, as the administrator of her son's estate, sold the subject property to a third party for $379,950.00. All remaining allegations contained in paragraph 17 are denied and strict proof is demanded thereof.

18. Mrs. Ritchie admits the allegations contained in paragraph 18 of the Complaint.

19. Mrs. Ritchie admits that the proceeds are currently held in escrow by Momentum Title, LLC. Mrs. Ritchie lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 19 of the Complaint. Therefore, the same are denied and strict proof is demanded thereof.

20. Mrs. Ritchie hereby incorporates and restates her responses to paragraphs 1 through 19.

21. Mrs. Ritchie denies the allegations contained in paragraph 21 of the Complaint. Therefore, strict proof is demanded thereof. Mrs. Ritchie avers that James Ronald Ritchie is barred of all interest in Jamie's estate, pursuant to Virginia Code Section 64.2-308(B).

22. Mrs. Ritchie denies the allegations contained in paragraph 22 of the Complaint. Therefore, strict proof is demanded thereof.

23. Mrs. Ritchie hereby incorporates and restates her responses to paragraphs 1 through 22.

24. Mrs. Ritchie denies the allegations contained in paragraph 24 of the Complaint. Therefore, strict proof is demanded thereof.

25. Mrs. Ritchie denies the allegations contained in paragraph 25 of the Complaint. Therefore, strict proof is demanded thereof.

26. Mrs. Ritchie hereby incorporates and restates her responses to paragraphs 1

through 26.

27.　　Mrs. Ritchie denies the allegations contained in paragraph 27 of the Complaint. Therefore, strict proof is demanded thereof.

28.　　Mrs. Ritchie denies the allegations contained in paragraph 28 of the Complaint. Therefore, strict proof is demanded thereof.

29.　　Mrs. Ritchie denies the allegations contained in paragraph 29 of the Complaint. Therefore, strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

30.　　In 1975 and continuing until Jamie's death on May 18, 2020, James Ronald Ritchie willfully deserted and abandoned Jamie. Therefore, pursuant to Virginia Code Section 64.2-308(B), James Ronald Ritchie is barred of any and all interest in Jamie's estate. Virginia Code Section 64.2-308(B) reads as follows:

> **If a parent willfully deserts or abandons his minor or incapacitated child and such desertion or abandonment continues until the death of the child, the parent shall be barred of all interest in the child's estate by intestate succession.**

31.　　In the late 1970's James Ronald Ritchie was ordered to pay child support for Jamie. James Ronald Ritchie, however, never paid any child support for Jamie. Mrs. Ritchie, who, with Jamie, lived in destitute circumstances after being abandoned by James Ronald Ritchie, had no money to pay an attorney to pursue James Ronald Ritchie for child support. While Mrs. Ritchie does not want anything from James Ronald Ritchie, if the Court determines that Mr. Ritchie is entitled to any interest in Jamie's estate, Mrs. Ritchie, as administrator of Jamie's estate and on its behalf, is entitled to offset for the amounts owed by James Ronald Ritchie for child support which will be proven at trial.

32.　　Mrs. Ritchie paid approximately $14,000 to repair Jamie's house before it was

sold. While James Ronald Ritchie is not entitled to a single thing from Jamie's estate, to the extent that the Court determines that James Ronald Ritchie should receive money from the estate of the son he abandoned forty-five years ago, Mrs. Ritchie is entitled to an offset for the cost of repairs.

33. While likely unnecessary, James Ronald Ritchie signed a Quitclaim Deed, which is neither void nor voidable.

34. James Ronald Ritchie's claim are barred by the doctrines of unclean hands, waiver and/or estoppel.

WHEREFORE, Olga Ritchie respectfully requests that the Court dismiss the Complaint filed by James Ronald Ritchie and Theresa Ann Ritchie and for such other and further relief as the Court deems appropriate.

**OLGA RITCHIE**,

By: /s/ Paul McCourt Curley
　　　　Counsel

Paul McCourt Curley, Esq. VSB No. 43794
SIX EAST LAW GROUP –
CURLEY LAW FIRM, PLLC
6 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 355-8273
E-Mail: paul.curley@sixeastlaw.com
www.sixeastlaw.com
　*Counsel for Olga Ritchie*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2020, a true and correct copy of the foregoing Notice of Appearance was filed electronically using the Court's CM/ECF system, which sent notice to all parties who have appeared in this case or by first-class mail, postage paid, to the following:

>James E. Kane, Esquire
>KANE & PAPA, P.C.
>1313 East Cary Street
>Richmond, Virginia 23219

/s/ Paul McCourt Curley